## (June 21, 1954.)

■

ROSE KATZ, as Administratrix of the Estate of NATHAN S. KATZ, Deceased, Respondent, v. MURRAY SNYDER, Appellant.

*Per Curiam.* On the basis of an oral joint venture between her deceased, Nathan S. Katz, and defendant, Murray Snyder, for the purchase and sale of securities, plaintiff as administratrix of Katz, sues for an accounting and an alleged balance due to Katz's estate from defendant Snyder. After extensive hearings before an Official Referee, the Referee reported a net loss on the oral joint venture of $14,574.14 and found that plaintiff was entitled to recover one half thereof or $7,287.07, plus interest.

Special Term modified an obvious error on the part of the Referee who had allowed full recovery of the amount originally claimed by plaintiff although the amount so claimed had been reduced during the hearings. With that correction, Special Term entered the order appealed from on which judgment was entered in plaintiff's favor against defendant for $10,113.52. Defendant appeals.

After examination of the record and the very numerous exhibits that were not printed but submitted to the court on argument, we reach the conclusion that it is impossible on this record with any degree of rational certainty to determine the exact amount of any balance due or to whom it is due on this oral joint venture.

We are clear that the allowance of interest totaling $3,076.20 was erroneous; and also, although Stanley Katz, decedent's son and plaintiff's main witness did not admit it, the exhibits indicate that Snyder shared in part some of Katz's moneylending business and that some of the many checks that went back and forth between the two men related not to the joint venture, but to other enterprises including moneylending. But as defendant was also inclined to withhold information, we think it is necessary to reverse the order and judgment appealed from and direct plaintiff to file a full account *from the inception of the joint venture,* on or about November 1, 1944, to the date of the last sale of the stock two years after Katz's death. For reasons that will not stand analysis, plaintiff's account began not from the inception of the oral joint venture in November, 1944, but only from the date of Katz's death in May, 1947. Katz throughout was apparently the managing partner and the account opened with Bache & Co. from November 1, 1945, was in Katz's name alone.

Order and judgment should be reversed accordingly and all issues remitted to Special Term to be referred, if Special Term is so advised, to another Official Referee to hear and report in accordance with this opinion. Settle order.

Peck, P. J., Dore, Bastow and Botein, JJ., concur.

Order and judgment unanimously reversed in accordance with the opinion herein and all issues remitted to Special Term to be referred, if Special Term is so advised, to another Official Referee to hear and report in accordance with said opinion. Settle order on notice.